17-1949-(L)
*The PACA Trust Creditors v. Genecco Produce Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2018

(Submitted: September 5, 2018  Decided: January 9, 2019)

Docket Nos. 17-1949-cv, 17-2051-cv

---

THE PACA TRUST CREDITORS OF LENNY PERRY'S PRODUCE, INC.,
*Plaintiffs-Appellees-Cross-Appellants*,

v.

GENECCO PRODUCE INC., DAVID GENECCO,
*Defendants-Appellants-Cross-Appellees*.*

---

Before:       SACK, RAGGI, AND CHIN, *Circuit Judges*.

The plaintiffs brought an adversary proceeding in the United States

Bankruptcy Court for the Western District of New York alleging that the

defendants wrongfully failed to pay the debtor Lenny Perry's Produce, Inc., for

produce held in trust for the plaintiffs, in violation of the Perishable Agricultural

Commodities Act, 7 U.S.C. § 499.  The United States District Court for the

Western District of New York (William M. Skretny, *Judge*) adopted a bankruptcy

---

 * The Clerk of the Court is directed to amend the official caption to conform to the
listing of the parties above.

judge's report and recommendation (Michael J. Kaplan, *Bankruptcy Judge*) that summary judgment be granted to the plaintiffs in the proceeding but that the defendants receive a pro rata share of assets of the trust established under the Act. We agree with the bankruptcy judge and district court. Because assets subject to the Act are held in a "floating" trust for the benefit of unpaid produce suppliers and never become part of a bankruptcy estate, when a purchaser of produce files for bankruptcy under Chapter 7, a creditor covered by the Act's provisions is entitled to a pro rata share of trust assets, but not to a complete offset of mutual debts between it and the bankrupt. Here, the defendants elected not to file a proof of claim after the district court issued a claims process order under the Act. Nevertheless, they preserved their PACA claims by providing statutorily required notice to the debtor in connection with each pre-bankruptcy sale of fresh produce; filed a proof of claim with the bankruptcy court before the district court had issued the claims process order; and reasonably, although mistakenly, thought that they could vindicate their rights as creditors using a bankruptcy offset. Under those circumstances, we conclude that the district

court did not err in awarding the defendants a pro rata share of the PACA trust assets.

The district court's decision is therefore:

AFFIRMED.

David L. Rasmussen, Mallory Kass Smith, Davidson Fink LLP, Rochester, New York, *for Defendants-Appellants-Cross-Appellees.*

Christopher M. Corrigan, Martyn & Associates, Cleveland, Ohio, *for Plaintiffs-Appellees-Cross-Appellants.*

SACK, *Circuit Judge*:

The plaintiffs and the defendants are creditors of debtor Lenny Perry's Produce, Inc. ("LPP"). Between 2005 and 2008, defendant Genecco Produce, Inc., ("GPI") and debtor LPP regularly sold produce to one another. Because the goods were perishable agricultural commodities, these transactions were governed by the federal Perishable Agricultural Commodities Act, 7 U.S.C. § 499 ("PACA").

Instead of paying each other after each transaction, GPI and LPP accumulated mutual debts intended to offset one another. By the end of 2008,

those debts totaled $204,774.88, owed by GPI to LPP, and $263,061.92, owed by

LPP to GPI — a net balance of $58,287.04 in GPI's favor.

On January 27, 2009, LPP filed for bankruptcy protection under Chapter 7

of the United States Bankruptcy Code in the United States Bankruptcy Court for

the Western District of New York. The plaintiffs, also unpaid sellers of

perishable agricultural commodities to LPP, brought an adversary proceeding

against the defendants in the bankruptcy court. They alleged that the $204,774.88

owed by GPI to LPP constituted assets of a trust that arose for their benefit under

the terms of PACA ("PACA Trust"). In response, the defendants asserted that

federal bankruptcy law, 11 U.S.C. § 553(a), and New York State law, N.Y. Debt. &

Cred. L. § 151, entitled them to a complete offset of any amount otherwise due to

the PACA Trust by amounts that had been due to the defendants from LPP.

On June 7, 2017, the United States District Court for the Western District of

New York (William M. Skretny, *Judge*) entered a judgment adopting the

bankruptcy judge's report and recommendation (Michael J. Kaplan, *Bankruptcy

Judge*) recommending that summary judgment be granted to the plaintiffs. The

district court concluded that the defendants were not entitled to a full offset of

their mutual unpaid debts, but only to a pro rata share of the PACA Trust along with other unpaid LPP produce suppliers.

The defendants argue that the district court erred because New York State law and federal bankruptcy law entitle them to a complete offset of any amounts they owed LPP or the PACA Trust; in the alternative, they claim that questions of fact regarding the transfer of accounts receivable into the PACA Trust render the district court's grant of summary judgment improper.

We disagree. Because PACA assets are held in trust for the benefit of unpaid produce suppliers generally and never become part of a bankruptcy estate, and because such PACA creditors enjoy priority over non-PACA creditors, the defendants' offset defense under section 553 of the U.S. Bankruptcy Code and New York State law is unavailing. The district court therefore correctly found that the plaintiffs' claims against the defendants are not subject to the statutory offset sought by the defendants.

Meanwhile, the plaintiffs assert that the district court erred in permitting the defendants to recover even a pro rata share of the PACA Trust. The plaintiffs do not dispute that the defendants, like the plaintiffs, are PACA creditors. Rather, they contend that the defendants are barred from recovery because they

did not file a proof of claim pursuant to the district court's claims procedure order ("Claims Procedure Order"), which established deadlines for the plaintiffs' counsel to issue written notice to potential PACA claimants and for prospective claimants to file proofs of claim.

We conclude otherwise.  The defendants preserved their PACA claims by providing statutorily required notice to the debtor in each invoice at issue and filed a proof of claim with the bankruptcy court before the district court had issued the PACA Claims Procedure Order.  Based at least, in part, on ambiguities in that Order, they reasonably, although mistakenly, thought that they could vindicate their rights as PACA creditors using a bankruptcy offset and elected not to file a PACA proof of claim.  Under these circumstances, as the district court correctly concluded, PACA's statutory purpose is best realized if the defendants are permitted to collect pro rata shares of the PACA assets.  The district court did not err in allowing the defendants to recover their pro rata share.

The judgment of the district court is therefore affirmed.

## BACKGROUND

*General Factual Background*

At all relevant times, GPI, and LPP before it filed for bankruptcy, were merchants of perishable agricultural commodities operating out of the Niagara Frontier Food Terminal in Buffalo, New York. Between September 2005 and October 2008, LPP and GPI regularly sold produce to one another for resale to their respective customers. In connection with each transaction, the seller—LPP or GPI—issued an invoice to the other with a notice of intent to preserve its PACA rights.[1]

Usually, neither GPI nor LPP would pay the other for the produce they sold to one another. Instead, they maintained open, off-setting accounts. Although GPI and LPP tried "to make sure . . . GPI was not sending Lenny Perry's more produce than Lenny Perry's was sending GPI," their efforts were not entirely successful. Report and Recommendation at 4, *PACA Trust Creditors*

---

[1] The invoices contained the following language, which the Act, at section 499e(c)(4), identifies as sufficient to provide notice of intent to preserve PACA benefits: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received." *See* LPP Invoices, App'x 134-395.

*of Lenny Perry's Produce, Inc. v. Genecco Produce, Inc.*, No. 09-1269-MJK (W.D.N.Y.

Feb. 12, 2014), ECF No. 126.  By January 2009, LPP owed GPI $263,061.92, and

GPI owed LPP $204,774.88, resulting in a net balance of $58,287.04 in GPI's favor.

The plaintiffs[2] are also merchants dealing in perishable agricultural

commodities.  Like GPI, they sold fresh produce to LPP.  Those sales for which

the plaintiffs were never paid are governed by PACA.  When LPP filed for

bankruptcy, it owed the plaintiffs an estimated $292,417.39.

*Procedural History*

On January 27, 2009, LPP and its principal, Leonard R. Perry, filed

"Voluntary Petitions" for protection under Chapter 7 of the Bankruptcy Code in

the United States Bankruptcy Court for the Western District of New York.  On

February 17, 2009, GPI filed a proof of claim for $263,061.92.  On March 9, 2009,

the plaintiffs brought an adversary proceeding against LPP and Perry in that

---

  [2] The plaintiffs are Burch Equipment LLC, Jackson's Farming Co., Pismo Oceano
Vegetable Exchange, Wings Landing Farm, Brooks Tropicals LLC, John B. Ordille Inc.,
and Weis-Buy Farms Inc.

court alleging PACA violations and a breach of fiduciary duty owed to the PACA beneficiaries.

The plaintiffs filed a motion to establish a PACA claims procedure, which the bankruptcy court granted on August 7, 2009. Under the Claims Procedure Order, LPP was required, on or before August 12, 2009, to provide the plaintiffs' counsel with names and addresses of all potential PACA claimants not already listed in the bankruptcy petition. Also by order of the court, the plaintiffs' counsel had until August 17, 2009, to issue written notice of the Claims Procedure Order to potential PACA claimants, and prospective PACA claimants had until August 31, 2009, to file complaints in intervention and PACA proofs of claim. Although the plaintiffs timely served GPI with notice of the Claims Procedure Order, GPI elected not to file a PACA claim but to pursue its offset claim instead.

On November 4, 2009, the PACA Trust beneficiaries instituted an adversary proceeding against the defendants alleging that between September 2005 and October 2008, LPP delivered to GPI fresh produce worth a total of $204,774.88, for which they were not compensated. The beneficiaries further alleged that LPP's accounts receivable from those sales constituted PACA Trust

assets.  On December 30, 2009, the defendants filed an answer asserting that they were "entitled to a setoff in the amount of $263,061.92," owed to them by LPP, "which is in excess of the $204,774.88 claimed to be due and owing by [the plaintiffs]."  App'x 94.

*Motion to Strike*

On January 15, 2010, the plaintiffs filed a motion to strike the defendants' statutory-offset defense.  They argued that the defendants' offset rights, if any, could only be asserted against LPP, not the PACA Trust or its beneficiaries.  On August 14, 2012, the bankruptcy court recommended that the district court deny the plaintiffs' motion because it would be "unfair and inequitable" to strike the offset defense unless the defendants are "permitted a late 'opt-in' to share as [] beneficiar[ies] of the Trust."[3]  *PACA Trust Creditors of Lenny Perry's Produce, Inc. v. Genecco Produce, Inc. (In re Lenny Perry's Produce)*, Bankr. No. 09-10297 K, 2012 WL 7767580, at *4, 2012 Bankr. LEXIS 5440, at *14 (Bankr. W.D.N.Y. Aug. 14, 2012).  On November 12, 2012, the district court adopted the bankruptcy court's

---

[3] Although the district court has jurisdiction over the adversary proceeding between the plaintiffs and the defendants, it entered a Special Order of Reference to the bankruptcy court.  Pursuant to that Special Order, the bankruptcy court presided over each of the motions filed in this matter and issued reports and recommendations to the district court.

recommendation. *John B. Ordille, Inc. v. Lenny Perry's Produce, Inc.*, No. 12-MC-54S, 2012 WL 5499652, 2012 U.S. Dist. LEXIS 161648 (W.D.N.Y. Nov. 12, 2012).

*Motion for Summary Judgment*

On May 3, 2013, the plaintiffs moved for summary judgment, renewing their argument that GPI could only bring an offset claim against LPP, not against the plaintiffs. On February 12, 2014, the bankruptcy court recommended that the district court grant the plaintiffs' motion. Report and Recommendation, *PACA Trust Creditors of Lenny Perry's Produce, Inc. v. Genecco Produce, Inc.*, No. 09-1269-MJK (W.D.N.Y. Feb. 12, 2014), ECF No. 126. It rejected the defendants' argument that a long-term bartering arrangement had extinguished GPI's debts to LPP. The bankruptcy court noted that GPI had failed to produce any tax documents or other evidence to substantiate its claim of a bartering arrangement with LPP. To the contrary, it concluded, "the parties were simply selling commodities to each other . . . , maintaining open, off-setting accounts that remained so (meaning never materially reconciled by off-set) right up until the [d]ebtor went out of business." *Id.* For that reason, it recommended that the district court enter judgment in favor of the plaintiffs in the amount that GPI owed to LPP, less GPI's pro rata share of the PACA Trust.

On September 4, 2014, the district court remanded the matter to the bankruptcy court for further proceedings. *PACA Trust Creditors of Lenny Perry's, Inc. v. Genecco Produce, Inc.*, No. 14-MC-036S, 2014 WL 4385436, at \*1, 2014 U.S. Dist. LEXIS 123965, at \*3 (W.D.N.Y. Sept. 4, 2014). It explained that because "bartering and setoff are different concepts," the absence of a bartering relationship does not necessarily defeat an offset defense. *Id.* at \*3-4; 2014 U.S. Dist. LEXIS 123965, at \*7. The district court directed the bankruptcy court, on remand, to consider whether (i) GPI's debt to LPP and LPP's debt to GPI constitute "mutual debt[s]" for purposes of section 553 of the Bankruptcy Code, and (ii) whether any funds due from GPI to LPP are PACA Trust assets not subject to the defendants' offset claim. *Id.* at \*2-3; 2014 U.S. Dist. LEXIS 123965, at \*7, 9-10.

On February 23, 2015, the bankruptcy court issued a "Clarified Report and Recommendation," which explained in greater detail—but did not materially alter—its February 12, 2014 recommendation. *PACA Trust Creditors of Lenny Perry's Produce, Inc. v. Genecco Produce, Inc. (In re Lenny Perry's Produce, Inc.)*, No. 09-10297 K, 2015 Bankr. LEXIS 2713 (Bankr. W.D.N.Y. Feb. 23, 2015). On August 12, 2015, the district court again remanded the matter to the bankruptcy

court, explaining that "clarification of the issues raised in the parties' submissions as well as this Court's prior order is warranted." *PACA Trust Creditors of Lenny Perry's Produce v. Genecco Produce, Inc.*, No. 15-MC-028S, 2015 WL 4761627, at *6, 2015 U.S. Dist. LEXIS 105908, at *15 (W.D.N.Y. Aug. 12, 2015).

The bankruptcy court issued what turned out to be its final report and recommendation on December 28, 2015. *PACA Trust Creditors of Lenny Perry's Produce, Inc. v. Genecco Produce, Inc. (In re Lenny Perry's Produce, Inc.)*, No. 09-10297 K, 2015 WL 9581383, 2015 Bankr. LEXIS 4371 (Bankr. W.D.N.Y. Dec. 28, 2015). The court concluded that "the Trust's rights are not now, and never were, subject to the limitations that [LPP] suffered as to [GPI], or the defenses that [GPI] had against [LPP]." *Id.* at *2; 2015 Bankr. LEXIS 4371, at *4-5. In the bankruptcy court's view, "every item of perishable commodities [LPP] ever handled was held by it in trust, as were any proceeds realized from those items," so that "everything that [LPP] received from [GPI] or was entitled to receive from [GPI] on account of perishable commodities delivered to [GPI] was subject to the statutory PACA Trust in favor of growers, cooperatives, etc.[,] which were owed money for those commodities." *Id.*; 2015 Bankr. LEXIS 4371, at *5. The PACA

Trust existed "from the moment that [LPP] bought or sold commodities subject to PACA." *Id.*; 2015 Bankr. LEXIS 4371, at *5.

The bankruptcy court further decided that LPP and GPI's method of doing business by maintaining mutual debts "was not consistent with PACA," which requires timely payments "so that all providers of perishable agricultural commodities to [LPP] had a chance to receive cash payments from [GPI] for what they provided." *Id.* at *4; 2015 Bankr. LEXIS 4371, at *11-12. It concluded that "equity requires treatment that PACA would seem to require," *id.*; 2015 Bankr. LEXIS 4371, at *12: a judgment against GPI equal to "the *difference* between what [GPI] owed [LPP] on the date of the Chapter 7 petition (and therefore owes to the PACA Trust) and the amount that [GPI] would receive as a PACA Trust beneficiary," *id.* at *6; 2015 Bankr. LEXIS 4371, at *19 (emphasis in original).

On June 7, 2017, the district court adopted the bankruptcy court's recommendation in full. *PACA Trust Creditors of Lenny Perry's Produce, Inc. v. Genecco Produce Inc.*, No. 16-MC-4S, 2017 WL 2462035, 2017 U.S. Dist. LEXIS 87488 (W.D.N.Y. June 7, 2017). The district court rejected the defendants' argument that they are entitled to a complete offset. It observed that offsets only apply to mutual debts, and the debts between GPI and LPP are "mutual only to

14

the extent [d]efendants are co-beneficiaries to the PACA Trust. And, to the extent that they are co-beneficiaries, [p]laintiffs and [d]efendants owe one another a fiduciary duty to take no more than their [pro rata] share of trust assets." *Id.* at *2; 2017 U.S. Dist. LEXIS 87488, at *4. The district court also rejected the plaintiffs' argument that the defendants' failure to file a PACA claim precludes them from recovering a pro rata share of the PACA Trust. Instead, the district court decided that allowing the defendants limited recovery as PACA creditors "best furthers the policies of PACA." *Id.* at *1; 2017 U.S. Dist. LEXIS 87488, at *4. The district court concluded that although the defendants are not entitled to an offset under bankruptcy law, they may recover a pro rata share of the PACA Trust. *Id.*; 2017 U.S. Dist. LEXIS 87488, at *4-5.

## DISCUSSION

There are two issues raised on appeal: First, whether the district court erred in concluding that LPP's accounts receivable constitute PACA Trust assets and that the defendants are therefore not entitled to a statutory offset of their debts to LPP against LPP's debts to them; and second, whether the district court erred in allowing the defendants to recover a pro rata share of the PACA Trust. The defendants argue that the Bankruptcy Code, 11 U.S. Code § 553, which

15

governs "Setoff," entitles them to a complete offset of any amount otherwise due to the PACA Trust. The plaintiffs respond that the defendants may not recover even a pro rata share of the PACA Trust because they elected not to participate in the PACA claims procedure in the bankruptcy court. For the reasons discussed below, we affirm the district court's judgment in its entirety.

## I. Standard of Review

"We review a grant of summary judgment de novo, examining the evidence in the light most favorable to, and drawing all inferences in favor of, the non-movant." *Blackman v. N.Y. City Transit Auth.*, 491 F.3d 95, 98 (2d Cir. 2007) (per curiam) (quoting *Sheppard v. Beerman*, 317 F.3d 351, 354 (2d Cir. 2003)). Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 631 n.12 (2d Cir. 2016) (internal quotation marks omitted). However, "a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir.

1995) (internal quotation marks omitted). The party opposing summary

judgment "must do more than simply show that there is some metaphysical

doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 586 (1986).

When a district court interprets its own order, we apply an abuse-of-

discretion standard. *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 103 (2d Cir. 2009);

*see also United States v. Spallone*, 399 F.3d 415, 423 (2d Cir. 2005) ("When an issuing

judge interprets his own orders, we accord substantial deference to the

draftsman, and we will not reverse the judge's construction of an ambiguity in

his own words except for abuse of discretion.").

## II.     Statutory Offset

The defendants advance two arguments challenging the district court's

conclusion that they are not entitled to a complete offset of the debts covered by

PACA from them to LLP against those from LLP to the defendants under New

York State law and federal bankruptcy law. First, they argue that LPP's relevant

accounts receivable were transferred to the PACA Trust, if at all, subject to the

defendants' offset rights. Second, they argue that factual disputes exist as to

whether LPP's accounts receivable constituted PACA Trust assets.  We reject

both arguments.

    *1. Availability of Offset Defense Against the Plaintiffs' PACA Claim*

The defendants claim that "[n]o authority exists," Defendants' Br. 14, that

would require the defendants to "pay [their] debts in full to the bankrupt[], while

allowing the [defendants] to recover only a percentage of the debts owed to

[them] by the bankrupt[, LPP]," *id.* at 13 (internal quotation marks omitted).  Not

so.  The statutory language of PACA and section 553 of the U.S. Bankruptcy

Code, as well as this Court's prior decisions, require precisely that.

The PACA trust provision, which Congress enacted in order "to make the

sellers' interests in the commodities and sales proceeds superior to those of the

buyers' creditors," *Am. Banana Co. v. Rep. Nat'l Bank of N.Y.*, 362 F.3d 33, 37 (2d

Cir. 2004), states in relevant part:

> Perishable agricultural commodities received by a
> commission merchant, dealer, or broker in all
> transactions . . . and any receivables or proceeds from
> the sale of such commodities or products, shall be held
> by such commission merchant, dealer, or broker in trust
> for the benefit of all unpaid suppliers or sellers of such
> commodities or agents involved in the transaction, until
> full payment of the sums owing in connection with such
> transactions has been received by such unpaid
> suppliers, sellers, or agents.

7 U.S.C. § 499e(c)(2). Under regulations adopted by the U.S. Department of Agriculture ("DOA"), PACA assets "are to be preserved as a nonsegregated 'floating' trust." 7 C.F.R. § 46.46(b). PACA and related DOA regulations provide produce sellers with "a self-help tool enabling them to protect themselves against the abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of fruits and vegetables." *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 705 (2d Cir. 2007) (citations omitted).

We have explained that "[o]rdinary principles of trust law apply to the trusts created by [PACA] . . . so that the Produce Debtor holds the legal title to the Produce and its derivatives or proceeds but the seller retains an equitable interest in the trust property pending payment[.]" *Tom Lange Co. v. Kornblum & Co. (In re Kornblum & Co.)*, 81 F.3d 280, 284 (2d Cir. 1996) (citations omitted). Because PACA creditors hold an equitable interest in the PACA trust pending payment, "the Bankruptcy Code excludes PACA trust assets from the bankruptcy estate." *Id.* (citing, *inter alia*, *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n.10 (1983) (explaining that the Bankruptcy Code "plainly exclude[s from the bankruptcy estate] property of others held by the debtor in trust at the time of the filing of the [bankruptcy] petition")). Consequently, PACA "gives unpaid

19

[produce] suppliers . . . priority over secured lenders . . . to PACA trust assets."

*Albee Tomato, Inc. v. A.B. Shalom Produce Corp.*, 155 F.3d 612, 615 (2d Cir. 1998).

The defendants' reliance on bankruptcy law to defend against PACA claims is misplaced.  To the extent the disputed assets represent PACA Trust assets, they are held outside the bankruptcy estate, and their disposition is, therefore, governed by trust law rather than bankruptcy law.  *See Kornblum*, 81 F.3d at 284.  To permit a bankruptcy offset against PACA Trust assets would be inconsistent with Congress's intent in amending PACA in 1984 to "broaden the protections afforded to produce suppliers" who had previously "receive[d] little protection in any suit for recovery of damages where a buyer ha[d] failed to make payment as required by the contract."  *Id.* at 283 (citation omitted).  Because PACA provides unpaid produce sellers with priority over other creditors and establishes that the disposition of PACA assets is governed by trust law, *see id.* at 284, we conclude that the district court did not err in deciding that the defendants are not entitled to the offset they seek under New York and federal-bankruptcy law.[4]

---

[4] This conclusion is buttressed by the language in section 553 of the U.S. Bankruptcy Code, which makes offsets available only for "mutual" debts.  11 U.S.C. § 553(a).

*2. No Genuine Dispute of Material Fact*

The defendants next argue that material factual disputes exist as to whether LPP's accounts receivable for the sale of produce to the defendants, totaling $204,774.88, constitute PACA Trust assets.  The defendants suggest that because they sought an offset before the district court issued its Claims Procedure Order, LPP's receivables never became PACA Trust assets, or, if they did, they were transferred subject to the defendants' offset rights.

The defendants' argument misses the mark.  We have explained that a PACA trust "is automatically established each time a broker or merchant purchases perishable commodities."  *D.M Rothman & Co., Inc. v. Korea Commercial Bank of N.Y.*, 411 F.3d 90, 96 (2d Cir. 2005); *accord C&E Enters., Inc. v. Milton*

---

Mutuality exists where debts "are due to and from the same persons in the same capacity." *Westinghouse Credit Corp. v. D'Urso*, 278 F.3d 138, 149 (2d Cir. 2002) (citations omitted).  The debts here are not mutual because the defendants and LPP appear in different capacities:  The defendants assert their claim to $263,061.92 in their capacity as creditors in LPP's bankruptcy proceeding; LPP, by contrast, does not—and cannot— assert a claim for $204,774.88 in its capacity as a creditor, but instead pursues those funds solely on behalf of unpaid suppliers. *See* 7 U.S.C. § 499e(c)(2) ("Perishable agricultural commodities received by a . . . merchant, . . . and any receivables or proceeds from the sale of such commodities . . . , shall be held . . . in trust for the benefit of all unpaid suppliers . . . until full payment of the sums owing . . . has been received by such unpaid suppliers[.]"); *cf. D'Urso*, 278 F.3d at 149 ("[O]bligations lack mutuality where one party is a trust beneficiary asserting his or her rights against a trustee, and the other is a creditor exercising his or her contractual rights[.]").

21

*Poulos, Inc. (In re Milton Poulos, Inc.)*, 947 F.2d 1351, 1352 (9th Cir. 1991) ("The [PACA] trust automatically arises in favor of a produce seller upon delivery of produce[.]"); *Patterson Frozen Foods, Inc. v. Crown Foods Int'l, Inc.*, 307 F.3d 666, 669 (7th Cir. 2002) ("Th[e PACA] floating trust is automatically created when the dealer accepts the goods[.]").  Any factual dispute as to whether the defendants asserted their offset claim before the district court issued the Claims Procedure Order is immaterial:  Even if the defendants' offset claim predates the Claims Procedure Order, the PACA Trust arose immediately upon the sale of produce from the plaintiffs to LPP—long before the defendants asserted their offset claim—such that the accounts receivable associated with those transactions would not be subject to that defense.

The defendants further argue that the plaintiffs have failed to establish that the accounts receivable were PACA Trust assets.  This argument, too, fails.  It is the defendants who bear the burden of demonstrating that disputed assets do *not* constitute PACA trust assets.  *Kornblum*, 81 F.3d at 287.  They have not met that burden.  Nothing in the record suggests that LPP entered into a factoring agreement with GPI, that LPP and GPI engaged in a bartering relationship, or that LPP and GPI paid down their mutual debts.  Instead, the record establishes

that LPP and GPI's debts to each other remained outstanding when GPI filed for bankruptcy.

The defendants thus have failed to identify any genuine dispute of material fact as to whether LPP's accounts receivable constitute PACA Trust assets.

### III.   Pro Rata Share

Finally, we address the district court's decision to award the defendants a pro rata share of the PACA Trust, in light of the defendants' loss on their set-off claim and failure to file a proof of claim after the district court issued the Claims Procedure Order.  The bankruptcy court recommended that the district court allow the defendants to recover a pro rata share, in part because the Claims Procedure Order did not specify which "receivables" were "trust assets"; it was therefore "not unreasonable for [GPI] to have relied upon its belief that ordinary setoff rights as to 'receivables' would apply." *In re Lenny Perry's Produce*, 2012 WL 7767580, at *4, 2012 Bankr. LEXIS 5440, at *14-15, *adopted*, *John B. Ordille, Inc. v. Lenny Perry's Produce, Inc.*, No. 12-MC-54S, 2012 WL 5499652, 2012 U.S. Dist. LEXIS 161648 (W.D.N.Y. Nov. 12, 2012).

The district court agreed: It noted that the "[d]efendants raised their defense of offset even before the PACA Claims Procedure was established," and concluded that they "had a good faith basis for pursuing their claims through a bankruptcy offset rather than through the PACA claims process." *PACA Trust Creditors of Lenny Perry's Produce, Inc.*, 2017 WL 2462035, at *1, 2017 U.S. Dist. LEXIS 87488, at *4.

The district court did not err in allowing the defendants to recover a pro rata share of the PACA Trust. It is undisputed that the defendants complied with all statutory requirements to preserve their PACA claims: In each invoice that GPI sent to LPP, it provided written notice of intent to preserve its PACA rights. It is also undisputed that the defendants filed a proof of claim in bankruptcy court before the Claims Procedure Order was issued, for an offset in the amount of $263,061.92. Having filed an offset claim, the defendants reasonably thought that their debt to LPP was not a "receivable" under the Claims Procedure Order and that they were not required to submit a PACA proof of claim. The bankruptcy court and district court properly concluded that, in light of ambiguities in the Claims Procedure Order and the novelty of the legal

*The PACA Trust Creditors of Lenny Perry's Produce, Inc. v. Genecco Produce, Inc., David Genecco*

issues presented, the defendants had a good-faith basis to pursue their claims through a bankruptcy offset in lieu of a PACA claim.

Moreover, the statute states, in relevant part, that perishable goods and any receivables from their sale are held in trust "for the benefit of *all* unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents." 7 U.S.C. § 499e(c)(2) (emphasis added). The defendants are unpaid suppliers of produce. Denying them a pro rata share of the PACA Trust, even though they preserved their PACA claims and filed a proof of claim in bankruptcy court, would be, we think, inconsistent with the statutory text and the district court's interpretation of its own Claims Procedure Order. We therefore conclude that the district court did not err in permitting the defendants to recover a pro rata share of the PACA Trust.

## CONCLUSION

We have considered the parties' other arguments on appeal and conclude that they are without merit. For the foregoing reasons, we AFFIRM the judgment of the district court.