20-2234-cv
*The PACA Tr. Creditors of Lenny Perry's Produce, Inc. v. Genecco Produce, Inc, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of July, two thousand twenty-one.

PRESENT:   PIERRE N. LEVAL,
           JOSÉ A. CABRANES,
           MICHAEL H. PARK,
                     *Circuit Judges.*

---

THE PACA TRUST CREDITORS OF LENNY PERRY'S
PRODUCE, INC.,

            *Plaintiff-Appellee,*                    20-2234-cv

            v.

GENECCO PRODUCE, INC., DAVID GENECCO,

            *Defendants-Appellants.*[*]

---

**FOR DEFENDANTS-APPELLANTS:**          David L. Rasmussen, Richard N. Franco,
                                        Davidson Fink LLP, Rochester, NY.

**FOR PLAINTIFF-APPELLEE:**             Eric M. Kyser, Martyn & Associates,
                                        Cleveland, OH.

---

[*] The Clerk of Court is directed to amend the caption as shown above.

1

Appeal from a June 15, 2020 judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 15, 2020 judgment of the District Court is **AFFIRMED**.

Defendants-Appellants Genecco Produce, Inc. ("GPI") and David Genecco ("Genecco") (together, "Defendants") appeal from a June 15, 2020 judgment of $253,207.96 entered against them[1] in favor of Plaintiff-Appellee ("Plaintiff"), a group of certain creditors of bankrupt agricultural products dealer Lenny Perry's Produce ("LPP"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Plaintiff brought this adversary action in the Bankruptcy Court to recover monies GPI owed to LPP. Plaintiff argued that GPI's debts to LPP were assets of the LPP trust (the "PACA Trust") established under the Perishable Agricultural Commodities Act ("PACA").[2] Defendants argued, in substance, that GPI was a net creditor of LPP and could therefore completely offset its debts to LPP. GPI withheld the disputed sums from the Trust pending litigation. Following the recommendation of the Bankruptcy Court (Michael J. Kaplan, *Judge*), the District Court held, *inter alia*, that (1) GPI's debt to LPP was an asset of the Trust that could not be completely offset by LPP's debt to GPI, but (2) GPI could, as a creditor of LPP, recover its *pro rata* share of the PACA Trust ("GPI's Share") and use that to offset its liability to the Trust. We affirmed both of those holdings[3] and the case returned to the Bankruptcy Court for determination of a sum certain to be paid by GPI to the PACA Trust after the offset for GPI's Share.

The District Court, over Defendants' objection, adopted the Bankruptcy Court's recommendation that GPI's Share be computed based on the whole principal of LPP's debt to GPI,

---

[1] Judgment entered primarily against GPI and secondarily (*i.e.*, conditionally) against Genecco in the event that GPI "fail[ed] to satisfy [the] judgment within 60 days of its entry date." App'x 128 (Judgment).

[2] 7 U.S.C. § 499e(c). PACA was enacted in part to protect sellers of perishable agricultural commodities from abnormal risks of loss from buyer default and delay. To simplify, when sellers' contracts with buyers invoke PACA rights, the sellers become beneficiaries of a trust whose assets consist of the buyer's perishable agricultural commodities and any receivables or proceeds from such commodities. This trust is to be administered by the buyer for the benefit of all qualified unpaid sellers until those sellers have been paid in full. *See, e.g., Endico Potatoes, Inc. v. CIT Grp./Factoring, Inc.*, 67 F.3d 1063, 1066-67 (2d Cir. 1995) (generally describing PACA).

[3] *See PACA Tr. Creditors of Lenny Perry's Produce, Inc. v. Genecco Produce Inc.*, 913 F.3d 268 (2d Cir. 2019).

plus interest on the net principal of LPP's debt to GPI. This amounted to approximately 56.6% of the PACA Trust.

On appeal, Defendants argue that since "PACA creditors are entitled to recover interest upon their PACA Trust Claim,"[4] GPI's Share should be calculated with interest on the whole principal of LPP's debt to them. This method of calculation would raise GPI's Share to 71.59% of the Trust and thus significantly reduce GPI's net liability. For its part, Plaintiff contends that if GPI were to be credited with interest on Trust assets that it withheld from the Trust (and over which GPI had exclusive control during the pendency of the litigation) there will be a *de facto* (and inequitable) double recovery of interest. That is, GPI will have received both credit for interest on the sum improperly withheld from the Trust and a separate opportunity to earn interest on the same sum.

We agree with Plaintiff that the computation of GPI's Share was a determination properly "confided to the [D]istrict [C]ourt's broad discretion" which we will not disturb "absent an abuse of that discretion."[5] We find no abuse of discretion here. Defendants assert that "equity demands that [all PACA creditors] be treated equally"[6] but (i) do not refute Plaintiff's double-recovery theory; (ii) do not deny that GPI is the only PACA creditor in this bankruptcy proceeding that stands to gain a double recovery; and (iii) do not identify any statutory provision or court precedent that required the District Court to overlook the equities in computing GPI's Share.

In our view, the District Court adopted a reasonable solution to the problem of calculating GPI's Share in an appropriate exercise of its informed discretion. We therefore affirm the judgment of the District Court.

## CONCLUSION

We have considered all Defendants' arguments and find them to be without merit. Accordingly, we **AFFIRM** the June 15, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[4] Defendants' Opening Br. at 6.

[5] *Endico Potatoes*, 67 F.3d at 1071-72.

[6] Defendants' Opening Br. at 7.